# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERNESTO ROMERO VIDAL,<br>        Defendant. | Crim. No. 2:13-00431<br><br>ORDER |

**THIS MATTER** comes before the Court on Defendant's motion to modify his sentence. Def.'s Mot. to Modify Sentence ("Def.'s Mot."), ECF No. 69. On December 19, 2013, Defendant was sentenced by this Court to 80 months of imprisonment after he pleaded guilty to four counts of conspiring to receive and sell stolen property in violation of 18 U.S.C. §§ 371, 659 and 2315. *See* J. 1, ECF No. 55. The Court ordered Defendant's sentence to run concurrently with another sentence he received from the Southern District of Florida for similar crimes. *See id.* at 2. Defendant now moves *pro se* to modify his sentence, seeking four modifications: (1) "modify sentence to match South Florida sentence;" (2) "credit for time to match South Florida time;" (3) "request reduction on the New Jersey case that should have run [concurrent] with South Florida case;" and (4) "the two cases should run [coterminous]." *See* Def.'s Mot.

"Once a term of imprisonment has been imposed, a district court has the authority to modify it only in limited circumstances." *See In re Morris*, 345 F. App'x 796, 797 (3d Cir. 2009). "Under 18 U.S.C. § 3582(c), those circumstances are: "(1) when the director of the Bureau of Prisons moves for a reduction in the term of imprisonment on the basis

1

of what is sometimes called the 'compassionate relief' provisions; (2) when Federal Rule of Criminal Procedure 35 permits such modification; or (3) when the sentencing range under which a defendant was sentenced has subsequently been lowered by the Sentencing Commission." *Id*. at 797–98. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 35(b) allows the government to move for a sentence reduction where a defendant provided substantial assistance in investigating or prosecuting another person. *See* Fed. R. Crim. P. 35(b).

None of these circumstances are present here. The BOP has not moved for a reduction, Defendant is years beyond the 14-day limit under Rule 35(a), the government did not move to reduce his sentence under Rule 35(b), and the sentencing range has not been subsequently lowered by the Sentencing Commission. Defendant apparently seeks a modification of his New Jersey sentence to match his South Florida sentence, thereby making them "coterminous." This Court already ordered the instant sentence to run concurrently with Defendant's South Florida sentence, but any further accreditation of time served is subject to review by the Bureau of Prisons, not this Court. *See United States v. Vidal*, No. 15-3708, Op. 3–4 (3d Cir. June 9, 2016).[1] Accordingly;

**IT IS** on this 24th day of May 2018, hereby,

**ORDERED** that Defendant's motion to modify his sentence is **DENIED**.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] The Third Circuit's opinion holding that this Court lacked jurisdiction to consider Defendant's previous motion to correct his sentence can be found on this docket at ECF No. 68-1.